**KEITH D. KARNES**, Oregon State Bar ID Number 033521
keith@keithkarnes.com
Karnes Law Offices, PC
1860 Hawthorne Ave. NE
Salem, OR 97301
Telephone (503) 385-8888
Facsimile (503) 385-8899

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVSION

| | |
|---|---|
| KRISTY DELOE,<br><br>Plaintiff,<br>v.<br><br>DEPARTMENT STORES NATIONAL BANK; CITIBANK, NA; MACY'S, INC.<br><br>Defendants. | Case No:<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT BILLING ACT; EQUAL CREDIT OPPORTUNITY ACT; UNLAWFUL TRADE PRACTICES ACT; CONVERSION; LIBEL<br><br>DEMAND FOR JURY TRIAL |

JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1640(e); 15 U.S.C. § 1691e, and 28 U.S.C. § 1331.

2. This action arises out of Defendants violations of the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.* (FCBA); Equal Credit Opportunity Act 15 U.S.C. § 1691 *et seq.*

(ECOA); Oregon Unlawful Trade Practices Act, ORS 646.608 *et seq.*; Conversion and Libel.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

PARTIES

4. Plaintiff Kristy Deloe is a natural person who resides in Salem, Oregon, who obtained a Macy's credit card for personal use.

5. Defendants Department Stores National Bank and Citibank NA are national banks that jointly issue, approve charges, collect payments, credit payments to accounts, and report to credit reporting agencies for the Macy's credit cards.

6. Macy's Inc. is a Delaware Corporation that operates Macy's stores in Oregon and upon information and belief has entered into an agreement with the remaining defendants to operate a joint venture for the defendants to jointly provide Macy's credit cards to customers and to thereafter collect from the customers and share the profits of the credit cards.

FACTUAL ALLEGATIONS

7. On or about October 31, 2013 plaintiff obtained a Macy's credit card which she used to purchase items at Macy's department store for personal use.

8. On or about February 27, 2016 plaintiff was told by defendants that a payment of $1067.36 would pay her Macy's credit card in full.

9. On or about February 27, 2016 plaintiff mailed a check to the address to which she was instructed to make payment for her Macy's account in the amount of $1067.36.

10. On or about March 5, 2016 Defendant Citibank, NA cashed the check that plaintiff sent as payment on the Macy's credit card.

11. Defendants failed to give plaintiff credit for the payment she made to Defendants

on February 27, 2016.

12. Defendants called repeatedly and continuously with the intention of harassing plaintiff in an attempt to collect the payment that plaintiff had already paid.

13. Defendants reported to the credit reporting agencies that plaintiff did not make the payment that Citibank NA had cashed and further reported that plaintiff was delinquent on her obligation on the Marcy's credit card. Plaintiff was not delinquent on her obligation on the Macy's credit card.

14. Plaintiff contacted defendants about the fact that her statements failed to give her credit for the payment she made and plaintiff was instructed to fax her proof of the payment she made to defendants. Plaintiff faxed the cashed check that Citibank NA had cashed.

15. On or about March 30, 2016 Macy's Inc. wrote to plaintiff and acknowledged plaintiff's dispute.

16. On or about April 18, 2016 Macy's Inc. wrote to plaintiff and stated that it was decreasing her credit limit due to delinquencies on plaintiff's credit report.

17. The delinquency to which Macy's Inc. was referring was the late payment that it alleged plaintiff had not made to her Macy's credit card, but was in fact received by defendants.

18. Defendants mailed plaintiff a letter on or about July 2, 2016 which acknowledged plaintiff's payment but stated that plaintiff would not see the credit on her statement for two billing cycles and further claimed that plaintiff owed $47.95.

19. The $47.95 defendants were collecting was solely due to the fact that defendants failed to timely credit plaintiff's account for the money that it had been paid by plaintiff.

20. As of July 13, 2016 plaintiffs continued to report in writing to the credit reporting agencies that plaintiff's Macy's credit card account remained unpaid and delinquent in the

amount of $1173.

21. Defendant's statement that plaintiff was delinquent on her Macy's credit card and that plaintiff owed $1173 was false.

22. Between May and June of 2016 defendants called plaintiff's work repeatedly with the intention of annoying, harassing and embarrassing plaintiff in an attempt to collect the payment that she had already made and disputed.

23. Due to defendants' conduct, plaintiff has suffered impaired credit, lost use of her money, upset, worry, frustration and other emotional damages.

TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

CAUSES OF ACTION

COUNT I.

VIOLATIONS OF THE FAIR CREDIT BILLING ACT

15 U.S.C. ' 1666

25. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. Defendants' conduct in failing to credit plaintiff's account for the payment it received, billing plaintiff for amounts that it had already received, attempting to collect interest or fees that was due only to defendants' failure to give plaintiff credit for the payment she had made, and reporting to the credit reporting agencies that plaintiff was delinquent and had not made the payment she in fact made are violations of the Fair Credit Billing Act.

27. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury in addition to statutory damages and attorney fees in an amount to be determined by the Court.

COUNT II.

VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT

15 U.S.C. § 1691 et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

29. Defendants' conduct in decreasing plaintiff's credit limit due to the fact that Plaintiff refused to pay that balance of her Macy's credit card a second time is a violation of the ECOA.

30. As a result of Defendants' violations of the ECOA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury in addition to statutory damages and attorney fees in an amount to be determined by the Court.

31. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

COUNT III

VIOLATIONS OF THE UNLAWFUL TRADE PRACTICES ACT

ORS 646.608 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

33. Defendants willfully failed to comply with the requirements imposed under the UTPA, including but not limited to ORS 686.608(2)(k).

34. As a result of Defendants' violations of the UTPA, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury in addition to statutory damages and attorney fees in an amount to be determined by the Court.

35. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

COUNT IV.

CONVERSION

36. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

37. Defendants' conduct in taking plaintiff's money and failing to credit it to her account is conversion.

38. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

COUNT V

LIBEL

39. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

40. Defendants' conduct in reporting plaintiff delinquent to the credit reporting agencies is libel.

41. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, fear, distress, frustration, embarrassment, and humiliation, all to his damages in an amount to be determined by the jury.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendant for:

VIOLATIONS OF THE FAIR CREDIT BILLING ACT

42. On Plaintiff's First Claim for Relief for violations of the FCBA:

a) Actual damages in an amount to be determined by the jury;

b) Punitive damages in an amount to be determined by the jury; and,

c) Attorney fees and costs.

43. On Plaintiff's Second Claim for Relief for willful violations of the ECOA:

a) Actual damages in an amount to be determined by the jury;

b) Punitive damages in an amount to be determined by the jury; and,

c) Attorney fees and costs.

43. On Plaintiff's Third Claim for Relief for willful violations of the UTPA:

a) Actual damages and punitive damages in an amount to be determined by the jury; and,

b) Attorney fees and costs.

44. On Plaintiff=s Fourth Claim for Relief for conversion:

a) Actual damages and in an amount to be determined by the jury;

b) Punitive damages in an amount to be determined by the jury; and,

c) Attorney fees and costs.

45. On Plaintiffs= Fifth Claim for Relief for Libel:

a) Actual damages and punitive damages in an amount to be determined by the jury; and,

b) Attorney fees and costs.

DATED: January 5, 2017

/s/ Keith D. Karnes
**KEITH D. KARNES**, OSB# 03352
Karnes Law Offices, PC
keith@keithkarnes.com
Tel (503) 385-8888
Fax (503) 385-8899
Attorney for Plaintiff